Chief Justice Bov ns
delivered the Opinion of the Court.
This was an action of ejectment on the joint and several demise of James Calloway &c. alleged to. have been made on the 1st of January, 1800, and on the 1st of January, 1822, for fifty years from those-dates respectively. The defendants entered into the common rule to confess the lease, entry and ouster, and the cause was tried upon the general issue.
The plaintiff on the trial produced evidence of title in Calloway, hut in none of the other lessors. The defendants then offered to prove, that Calloway died in 1312, and the plaintiff admitted the fact, but objected to its competency t.o go to th.e jury.
The court, however, decided it competent, and, at the instance of the defendants, instructed the jury, that if Calloway died before the suit was brought *221 they must find for the defendant. To these decisions of the court the plaintiff excepted, and a verdict and judgment having been rendered against him, he lias brought the case to this court by writ of error.
Question started.
Tenant, by entering into the common rule, confesses the lessor executed the leases, as stated.
I f the lessee accept anew lease from his lossor;to commence before the expiration of the first, the new lease operates as a surrender of the fiist.
This princi-r pic applies to the fictitious leases made to the plaintiff in ejectment.
The main question is whether, if Calloway, in whom alone there was any evidence of title, died in 1812, the plaintiff coidd maintain the action; for if the plaintiff could not, in that event, maintain the action, proof of the fact as it would tend to defeat the recovery, was undoubtedly competent, and as the fact was admitted by the plaintiff, the instruc-. lion given by the court to the jury to find for the, defendants could not be erroneous.
In attempting a solution of this question it is necessary to premise, that by entering into the common rule, the defendants admitted the leases to have been made by Calloway to the plaintiff in 1800 and in 1822, and it was-not, therefore, necessary for the plaintiff to prove that such leases were in fact made.
But assuming, as we must do, that those leases were made, as they are both by the same lessorfo the same lessee for the same term, it is evident, that in law, the latter is a surrender of the former. For tiie principle is well settled, that if a lessee accept a new lease from his lessor to commence before the expiration of the first, the' acceptance of the. new lease, as it admits the ability of the lessor to make such new lease, operates in law as a surrender of the first; and therefore it is held,, that if the lessee for twenty years or any greater number, takes a new lease for ten or á smaller number, to take place during the period of the first, the first term of twenty year's is thereby determined. Roberts on Frauds 254-5.
When, therefore, the defendants admitted the leases as alleged in the declaration to have been made, they must be understood to have admitted them according to their legal effect, and as the legal effect of the latter was a determination of the former, the latter must be taken to be the only subsisting lease admitted by the defendants. It must consequently be upon the bitter lease of 1822, that the plaintiff must alone rely to recover.
The confession of the leases, sot out in tlie deo'arntion, by entering into the common rule, does not preclude the defendant from ¿hewing on the trial, the lessor was was dead, pr n feme covert, at their date, arid so" avoid their effect
The lessor must have the fight of entry both at the date ofthe demise and commencement of the suit, and for this purpose must be alive, not (tend, and heve tille at both dates.
Turner for plaintiffs; Caperton for defendants,
That he cannot recoven upon that lease, if Calloway died in 1812, we tilinte perfectly clear, for although the defendants by entering into the common rule admitted the lease to have been made, they did not thereby.admit the ability of the lessor to make the lease, and if Calloway was dead before the lease was made, it is plain that he must have been unable to make it. If in an action of ejectment a lease was said to have been made by a woman, and it were proved on the trial that she was a feme covert when the lease was alleged to have been made, as-the lease In sue!) case would be void, it is plain that the action could not be maintained; and if in that case the action could not be maintained, because the lease would be void, it is still more obvious that the action cannot be maintained in a case like the present, where the lease Is alleged to have been made by one who is proved to be dead at the time when the lease is supposed to have bepn made.
We are not indeed prepared to say that the action in this case could have been maintained if the declaration had contained only the first lease of 1800. We are inclined to think it could not, for it is an established principle that the lessor of the plaintiff must have a right of entry not only when the demise is laid but when the action is brought. Hence, it is* that if a man has aliened his land, he cannot recover it in ejectment of his alienee, by laying his demise before the alienation; nor can he recover land after twenty years adverse possession, by alleging a demise before the twenty years had elapsed, for in neither case has the lessor of the plaintiff a right of entry when the action was commenced, and the same reason applies with at least equal force to-a case where an attempt is made to recover land in the name of one who is dead, where the action is brought by laying a demise to have, been made before bis death, for it cannot he pretended that one who is dead can have a right of entry.
The judgment must be affirmed with costs.